## Commercial Insurance Company of California v. J. Friedlander and S. Newman, for use William Reed, etc.

1. MERCHANDISE—*Value Depends upon Itself.*—Each lot of merchandise depends upon itself for a market value. Ascertainment of values by comparison with other merchandise is an improper method, and evidence for this purpose is properly excluded.

2. JURIES—*The Final Arbiter upon Disputed Facts.*—The law recognizes the jury as the final arbiter in cases of conflicting evidence.

**Memorandum.**—Assumpsit on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Affirmed in this court. Opinion filed January 28, 1895.

SCHUYLER & KREMER, attorneys for appellant.

SETH F. CREWS, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellees were the assured under a policy of insurance issued by the appellant against loss or damage by fire to the amount of $2,000, covering a stock of leaf tobacco in the building No. 193 Fullerton avenue, Chicago, for the period of one year, from October 12, 1889.

The tobacco was stored in the basement of the building, and was partly packed in boxes and partly hung on strings.

A fire occurred in the basement in the evening of November 23, 1889, and for an alleged loss suit was brought resulting in a judgment for $1,277.80, in favor of appellees, and this appeal is from that judgment. This judgment was entered upon the verdict of a jury upon a second trial of the cause, the verdict on the first trial having been for $1,161.96. On each trial special questions of fact were submitted by the appellant to the jury involving the material matters in dispute, and findings thereon adverse to the contentions of the appellant were returned by the jury in each instance.

Under such circumstances we do not feel that we ought to reverse the judgment, as we are strongly urged to do, for reasons of fact and the character and weight of the evidence, notwithstanding we might have come to an opposite conclusion from that at which the jury arrived.

Among the errors of law that are assigned and urged upon our consideration, there is but one in which we perceive error to have been committed.

It was claimed that the tobacco in question possessed especial and peculiar value because it was raised from imported Turkish seed. The tobacco, according to the evidence, was grown in a town in Cook county, from imported Turkish seed, and it was claimed that tobacco so grown from Turkish seed possessed peculiar value. It did not appear that tobacco grown in Cook county from imported Turkish seed had any known or recognized value in the market, and in order to establish its value, evidence of the market value of imported Turkish tobacco, and of other tobacco grown in this country, was permitted to be given by the appellants.

It did appear from the testimony of witnesses that tobacco grown in other parts of the United States from imported Turkish seed was much inferior in taste and aroma to genuine imported Turkish tobacco, and was regarded by the trade as a mongrel product of not established merit, and that each lot of such tobacco depended upon itself for a market value. Ascertainment, therefore, of the value of

the tobacco in question by comparison with other tobaccos was an improper method, and such evidence should have been excluded.

But we can not see that the appellant was injured by such testimony. The witnesses who testified concerning that matter placed the value of the tobacco in question, at from $1.25 to $1.50 per pound. There was evidence on the part of appellees that there was contained in the basement at the time of the fire upwards of 8,000 pounds of tobacco, and that nearly 7,000 pounds were destroyed or substantially so, and the jury found that there were 8,000 pounds there at the time of the fire.

While we are not at all satisfied, considering all the evidence, that there was that quantity of tobacco in the basement, although the jury did find that there was, nor that so much was destroyed, although the jury probably did so believe, it is, we think, clear, that the jury did not arrive at their estimate of the loss really sustained upon the basis of such valuations. As already stated, the jury found in response to a question by the appellant, that there were 8,000 pounds of tobacco in the basement at the time of the fire.

It is impossible from anything disclosed to us to tell with satisfactory certainty what proportion of the tobacco was actually burned, or what proportion of it was damaged, either partially or to the extent of its entire value as tobacco.

One of appellant's witnesses, who examined the premises the next morning after the fire, testified that there remained in the basement at the time between 1,700 and 1,800 pounds of tobacco by weight. And it was proved by appellant that certain persons who appraised the damage to the tobacco that remained after the fire, estimated the quantity so remaining as being 1,780 pounds, and estimated the damage at $356, or twenty cents a pound, upon the tobacco so remaining.

While we can not reconcile the evidence in the case with the result that upward of 6,000 pounds of tobacco were burned to the point of destruction and past identification, still the jury may have so believed, and there was evi-

dence tending to support such belief; and if they did so believe, and the inference is strong that they did, then a valuation of fifteen cents a pound, a valuation probably justified from all the evidence, for upward of 6,000 pounds of destroyed tobacco, added to $356, the estimated damage to the 1,780 pounds that were not destroyed, would produce the amount for which the verdict was returned.

It might possibly be suggested that the appellant, having by its question propounded to the jury procured the special finding that 8,000 pounds were in the basement at the time of the fire, and having shown that the 1,780 pounds that remained after the fire were damaged twenty cents a pound, ought not to complain if it has to pay five cents less per pound for that portion of the tobacco that was totally destroyed than it proved the damage to the part saved to have been.

Although it is only by a very unsatisfactory process that we can reconcile ourselves to this unsatisfactory judgment, we are not at liberty to disregard the law which recognizes a jury as the arbiter in cases of conflicting evidence.

There having been two jury trials, and two verdicts varying in amount by only about $100, we are constrained to let the judgment stand, and we therefore affirm it.